Estate of Michael Collino, Deceased, Mortimer J. Goodstein, Administrator, d.b.n. v. Commissioner.
Estate of Collino v. Commissioner
Docket No. 56221.
United States Tax Court
T.C. Memo 1956-32; 1956 Tax Ct. Memo LEXIS 264; 15 T.C.M. (CCH) 147; T.C.M. (RIA) 56032; February 10, 1956
*264 1. Upon the evidence, held, that Michael Collino, in each taxable year, received salary from a business owned by his mother. The amounts of income from this compensation for services are determined. 2. Upon the evidence, held, that part of the deficiency for each of the years 1944, 1945, and 1946 was due to fraud with intent to evade tax within section 293(b) of the 1939 Code. 3. Upon the evidence, held, that the failure to file an income tax return of the decedent for the taxable period January 1 to October 30, 1947 was due to willful neglect and was not due to a reasonable cause. The addition to the tax under section 291(a) of the 1939 Code is sustained. Mortimer J. Goodstein, Esq., 7 East 44th Street, New York, N. Y., for the petitioner. *265 S. Jarvin Levison, Esq., and Emil Sebetic, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax and made additions to the deficiencies and tax under sections 293(b) and 291(a) of the 1939 Code for the taxable periods 1944, 1945, 1946, and 1947, to October 30, 1947, as follows: Taxable period
Deficiency
Sec. 293(b)
Sec. 291(a)
1944
$33,511.57
$16,755.79
None
1945
16,189.21
8,094.60
None
1946
25,452.20
12,726.10
None
1/1 to 10/30/47
15,889.27
None
$3,972.32
The parties have disposed of certain issues under a stipulation to which effect will be given under Rule 50. The only questions to be decided are as follows: (1) Whether Michael Collino received salary in each of the taxable years from a business owned by his mother, and if he did, the amounts of the income he received in each year as compensation for his services. (2) Whether any part of a deficiency is due to fraud with intent to evade tax within section 293(b) of the 1939 Code. (3) Whether the failure to file an income tax return of the decedent for the taxable period January 1 to *266 October 30, 1947 was due to a reasonable cause and not to willful neglect. Findings of Fact Some of the facts have been stipulated. The stipulated facts are found as stipulated. The stipulation is incorporated herein by this reference. Michael Collino died intestate on October 30, 1947, a resident of Bronx County, New York. The petitioner is the duly appointed and acting administrator, d.b.n. of the estate of the decedent. The decedent was the son of Frank and Grace Collino. Frank Collino died in 1940. The decedent was survived by his mother, Grace Collino, who is now about 80 years old. Grace Collino is an immigrant of Italian extraction who, after many years of residence in New York, cannot read or write English. Frank Collino established and owned the Frank Collino Monument Works. Upon the death of Frank Collino, his entire estate was transferred to Grace Collino, as the sole beneficiary, by the will of Frank Collino which was probated in Bronx County. After the death of Frank Collino, a certificate of doing business under the name of Frank Collino Monument Works was filed in 1940 by Grace Collino in the Bronx County Clerk's office, and thereafter, until November 19, 1947, Grace *267 Collino was the sole proprietor of the business. She sold the business on about November 15, 1947. Michael Collino worked in the monument works business prior to 1940 and until his death on October 30, 1947. Grace Collino depended upon Michael to supervise and manage the family monument business. Grace Collino was the sole proprietor of the monument business. She employed her son, Michael, to perform various services in the operation of the business. Because the business was a family business, because Grace Collino delegated a great many functions to Michael, and because she relied upon Michael to handle and manage her money and investments, there was an informal arrangement about paying Michael for his services. He had a great deal of control over the business including the use of and withdrawal of funds. In addition to managing and supervising the family business which his mother owned, Michael Collino bought the monument stones which constituted the product sold by the business and he sold monument stones to those who came to the place of business to make purchases. He negotiated contracts. He worked in the cutting of stones. He supervised and arranged for their installation *268 in cemeteries. Michael Collino rendered valuable services to the business and he devoted all of his time to his employment in the monument business. Grace Collino also devoted time to and rendered services in the monument business. She made some sales. Michael Collino received as compensation for his services during the years 1944, 1945, and 1946, the sum of $8,000. $8,000 for a year was a reasonable allowance for compensation for Michael's services. During the taxable period January 1 to October 30, 1947, Michael Collino received the sum of $6,666.67 as compensation for his services in the monument business. This amount was a reasonable and fair allowance as compensation for his services. Michael Collino did not report in his income tax returns for 1944, 1945, and 1946 all of the income which he received in each of those years. His net income for the years 1944, 1945, and 1946, and for the taxable period January 1 to October 30, 1947, amounted to the following: Taxable period
Net Income
1944
$14,259.13
1945
14,809.75
1946
9,359.30
1/1 to 10/30/47
7,567.22
Michael Collino's gross income before deductions in each of the years 1944-1947, inclusive, *269 was as follows: Income
1944
1945
1946
1947
1. Salary
$ 8,000.00
$ 8,000.00
$8,000.00
$6,666.67
2. Interest
643.89
526.19
482.30
370.47
3. Dividends
1,739.05
866.22
1,030.00
415.00
4. Capital gains
5,138.83
6,405.20
347.00
223.79
Adjusted gross income
$15,521.77
$15,797.61
$9,859.30
$7,675.93
The gross income which was reported in Michael Collino's income tax returns for the taxable years was as follows: 1944
$3,921.59
1945
8,040.07
1946
1,621.13
1947
846.19 *
The net income which was reported in Michael Collino's income tax returns for the taxable years was as follows: 1944
$2,638.95
1945
6,945.98
1946
1,621.13
1947
745.45
The decedent, Michael Collino, realized income during each of the years 1944-1946, inclusive, which he failed to report in his income tax returns, in the following amounts: Year
Unreported Income
1944
$11,600.18 **
1945
7,757.54 **
1946
8,238.17 **
*270 Part of the deficiency in income tax for each of the years 1944, 1945, and 1946 was due to fraud with intent to evade tax. The failure to file an income tax return for the taxable period January 1, 1947 to October 30, 1947 was due to willful neglect and was not due to a reasonable cause. Opinion The findings dispose of the questions to be decided. All of the questions presented are questions of fact. Upon the evidence, it is held that Michael Collino received in 1944, 1945, and 1946, $8,000 per year as compensation for his services which he rendered to the monument business, and that $8,000 is a reasonable allowance for his compensation. It is also held that the decedent received for his services to the business in question in 1947, prior to his death, $6,666.67, and that this amount constitutes a reasonable allowance for compensation. The petitioner had the burden of proving that the failure to file a return for the decedent for the taxable period in 1947 was due to a reasonable cause and was not due to willful neglect. The petitioner had the burden of proof under this issue. It is held that the petitioner has failed to prove that the failure to file a return for 1947 *271 was due to a reasonable cause and was not due to willful neglect. The 25 per cent addition to the tax for 1947 which the respondent has imposed under the provisions of section 291(a) of the 1939 Code is sustained. The respondent had the burden of proving that part of the deficiencies for 1944, 1945, and 1946 was due to fraud with intent to evade tax within the scope of section 293(b). The evidence establishes, and the parties are now agreed, that the decedent realized income which was substantially in excess of the income which he reported in his income tax returns for each of the years 1944, 1945, and 1946. Upon all of the evidence it has been found that decedent realized income in each of the years 1944 through 1946 in the amounts set forth in the findings. Accordingly, the decedent understated his true income and failed to report income which he received to the extent of $1,620.18 for 1944; $7,863.77 for 1945; and $7,738.17 for 1946. It has been held that substantial and repeated understatements of income evidences fraud with intent to evade tax. It is concluded that the respondent has met his burden of proof under this issue. It is held that part of the deficiencies for the years *272 1944 through 1946 is due to fraud with intent to evade tax. The 50 per cent additions to the deficiencies for each of the years 1944 through 1946 are sustained. Decision will be entered under Rule 50. Footnotes
*. This paragraph was added by an official Order of the Tax Court, dated March 1, 1956, and signed by Judge Harron.↩
**. The amounts for 1944, 1945, and 1946, were originally listed as "$1,620.18", "7,863.77", and "7,738.17", respectively. These totals were deleted and the amounts above were substituted by an official Order of the Tax Court, dated March 1, 1956, and signed by Judge Harron.↩